UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANISH S.,[1] | No. 1:26-cv-01456-KES-FJS (HC) |
| Petitioner, | A-Number: 209-015-102 |
| v. | FINDINGS AND RECOMMENDATION TO DENY RESPONDENTS' MOTION TO DISMISS, GRANT PETITION FOR WRIT OF HABEAS CORPUS, AND DENY RESPONDENTS' REQUEST TO HOLD PROCEEDINGS IN ABEYANCE |
| CHRISTOPHER CHESTNUT, Warden of California City Correctional Facility; SERGIO ALBARRAN, Acting Field Office Director, Enforcement and Removal Operations (ERO), San Francisco Field Office, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | [21-DAY OBJECTION DEADLINE] |
| Respondents. | |

On February 19, 2026, Petitioner Manish S. filed a petition for writ of habeas corpus along with a motion for temporary restraining order. (ECF No. 1, 2.) On the same date, the District Court issued an order directing Respondents to show cause as to whether there were any factual or legal issues in this case that distinguish it from the Court's prior orders in recent immigration habeas petitions. (ECF No. 5.) On February 23, 2026, Respondents filed a motion to dismiss in response to the Court's order to show cause arguing that Petitioner is subject to mandatory detention and ineligible for a bond hearing under 8 U.S.C. § 1225(b)(2). (ECF No. 8)

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.

Later that same day, Petitioner filed a response. (ECF No. 10.)  On February 25, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction. (ECF No. 12.) As Respondents had not made any new legal arguments, or identified any factual or legal issues that distinguished the case from the Court's prior decisions noted in the Court's February 19, 2026, minute order, the Court granted the converted motion, ordered Petitioner's immediate release, and enjoined the government from re-detaining Petitioner unless it provided no less than seven (7) days' notice and held a pre-deprivation bond hearing before a neutral arbiter. (Id.) The matter was referred to the magistrate judge[2] for further proceedings.

On February 26, 2026, the Court issued an order directing the parties to advise within five (5) days whether they sought to provide additional briefing on the petition. (ECF No. 13.) Over five (5) days have passed, and no party has replied. Accordingly, the Court will recommend the petition be granted for the same reasons the District Court set forth in its order granting a preliminary injunction.

The District Court also noted that Respondents' request, in the alternative, that the Court hold the case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.). The District Court stated that the undersigned could consider whether deferring a ruling on the petition is warranted pending the Ninth Circuit's decision in *Bostock*. But it is unclear whether a future panel decision in *Bostock* will resolve scenarios involving aliens, like Petitioner, whom immigration authorities previously released. *See* U.S. Mot. to Dismiss at 2 (noting "Petitioner's prior release in the discretion of DHS"). Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

The Court's preliminary injunction restrained the government from seeking re-detention of Petitioner without (1) providing at least seven days' notice to him and (2) holding a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations. (ECF No. 12 at 2.) In the context of granting the preliminary injunction, this restraint furthered the aim of "preserv[ing] the *status quo ante litem* pending a determination of the action

---

[2] On March 23, 2026, the matter was reassigned to the undersigned. (ECF No. 18.)

on the merits." *L.A. Mem'l Coliseum Comm'n v. N.F.L.*, 634 F.3d 1197, 1200 (9th Cir. 2009), *quoted in Sierra Forest Legacy v. Rey*, 557 F.3d 1015, 1023 (9th Cir. 2009). *See also Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (defining the *status quo* as "the last uncontested status which preceded the pending controversy") (internal citations and quotations omitted). Whether that provisional restraint should be incorporated in a permanent injunction warrants further analysis. A party seeking a permanent injunction must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *W. Watersheds Project v. Abbey*, 719 F.3d 1035, 1054 (9th Cir. 2013). This Court recommends against incorporating the pre-detention notice and hearing restraint recited in the preliminary injunction for three primary reasons.

- First, a prospective permanent injunction imposing a seven-day notice and hearing requirement for this Petitioner before re-detention would necessarily require caveats. *See, e.g., Munoz-Soto v. Chestnut*, No. 26-cv-02310-KES-SKO, 2026 WL 913047, at *1 n.2 (E.D. Cal. April 2, 2026) (restraining respondents from re-detaining petitioner without a pre-deprivation hearing *except* when petitioner becomes subject to an executable final order of removal); *Lovedeep A. v. Warden*, 26-cv-01070-JLT-FJS, 2026 WL 947012, at *1 n.1 (E.D. Cal. April 8, 2026) (preliminarily restraining respondents from re-detention without a pre-deprivation hearing *except* when legally-sufficient circumstances justify arrest without notice in advance). It is unclear whether the Court can currently anticipate all possible exceptions to a notice-and-hearing requirement that might reasonably apply to future immigration enforcement activity. A permanent restraint that is judicially created, proves to be unintentionally overbroad in future unanticipated scenarios, and consequently frustrates congressionally authorized future immigration enforcement activity does a disservice to the public interest.

3

- Second, requiring Respondents to individually and permanently track a special notice provision that applies only to Petitioner is administratively burdensome and, as time passes and personnel and record systems change, increasingly likely to be lost to the bureaucratic abyss. This consequence imposes an unbalanced hardship on Respondents that tips against imposition of a permanent injunction.[3]

- Third, granting a permanent, prospective injunction goes beyond the relief requested in the petition. (ECF No. 1 at 22-23.) And Petitioner's motion for a TRO does not proffer evidence of future detainment. (ECF No. 2-3.) At this point, the possibility of future confinement is too speculative to justify permanent injunctive relief. *See Guan v. Bondi*, No 26-cv-192-CCB-SJF, 2026 WL 772417, at *3 (S.D. Ind. March 19, 2026).

This Court is sensitive to the concern that Petitioner might be re-detained on the same grounds that this Court now rejects. The Court is confident Respondents will be mindful of complying with the final disposition of this petition and honoring that outcome's *res judicata* effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that Respondents' motion to dismiss be DENIED; the petition for writ of habeas corpus be GRANTED; and Respondents' request to hold proceedings in abeyance be DENIED. The Court further RECOMMENDS that the pre-detention notice-and-hearing requirements set forth in the preliminary injunction be dissolved.

---

[3] This unbalanced hardship is amplified should other courts in the escalating number of immigration habeas petitions order varying timelines of notice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **April 23, 2026**

_____
UNITED STATES MAGISTRATE JUDGE