**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANISH SAINI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center, et al.,<br><br>Respondents. | No.  1:26-cv-01456 KES FJS (HC)<br><br>A-Number: 209-105-102<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 15 |

Petitioner Manish Saini is a former immigration detainee proceeding with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention as a violation of his due process rights.  *See* Doc. 1.

Petitioner filed a motion for temporary restraining order on February 19, 2026.  Doc. 2. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner immediately.  The Court referred the matter to the magistrate judge for further proceedings.  Doc. 12.  The parties declined to submit additional briefs prior to adjudication of the petition.  *See* Doc. 13 & docket.

On April 23, 2026, the magistrate judge issued findings and recommendations to grant the petition for the reasons identified in the order granting a preliminary injunction.  Doc. 15 at 2. The magistrate judge recommended "against incorporating the pre-detention notice and hearing

restraint recited in the preliminary injunction." *Id.* at 3.  Respondents filed a one-sentence objection to the findings and recommendations based on the "same reasons advanced in Respondents' earlier filing."  Doc. 16.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review.  Having carefully reviewed the entire case, the Court concludes that the findings and recommendations regarding the merits of the petition are supported by the record and proper analysis.  But the Court declines to adopt the findings and recommendations to the extent they recommend denial of final injunctive relief.  There remain concerns that, absent such relief, Petitioner could be re-detained on the same grounds this Court rejected in ordering his release.  Nor have Respondents shown that such injunctive relief, which provides for due process consistent with the claims raised in the petition, unduly burdens the government.  However, the Court clarifies the scope of the injunctive relief.  Respondents are prohibited from re-detaining petitioner on the grounds that he is subject to 8 U.S.C. § 1225(b), and they are prohibited from re-detaining petitioner without a pre-deprivation bond hearing based on Petitioner's prior conduct.  But the Order does not address the circumstances in which Petitioner may be re-detained without a pre-deprivation bond hearing if he commits a criminal offense after the date of this order, or the circumstances in which he may be re-detained if he becomes subject to a final order of removal.

The Court ORDERS:

1.  The findings and recommendations issued on February 29, 2026 (Doc. 16) are ADOPTED in part.

2.  Respondents' motion to dismiss (Doc. 8) is DENIED.

3.  The petition for writ of habeas corpus is GRANTED.

4.  If the government seeks to re-detain Petitioner Manish Saini (A-Number 209-015-102), it SHALL hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. 1226(a) and its implementing regulations, at which his eligibility for bond must be considered.[1]

---

[1] The Order does not address the circumstances in which Petitioner may be re-detained without a pre-deprivation bond hearing if he commits a criminal offense after the date of this order, or the

2

5.      The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    July 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

circumstances in which respondents may re-detain Petitioner if he becomes subject to a final order of removal.